IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

            Plaintiff,

v.

MICHAEL D. PARAYNO,

            Defendant.

NO. C12-04790 TEH

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT

       This matter comes before the Court on Plaintiff's motion for a default judgment. Defendant did not file an opposition to the motion. After carefully reviewing Plaintiff's written arguments, the Court concludes that oral argument is unnecessary and VACATES the hearing scheduled for March 18, 2013. The court now GRANTS IN PART Plaintiff's motion as discussed below.

**FACTUAL AND PROCEDURAL BACKGROUND**

       This case involves commercial exhibition rights to broadcast sports and entertainment programming. Plaintiff J & J Sports Productions, Inc. is an international distributor of sports and entertainment programming. Defendant Michael D. Parayno is the owner of the Birdland Jazz Club, a commercial establishment in Berkeley, California. Defendant has not appeared before this Court or otherwise responded.

       Plaintiff purchased the domestic commercial exhibition rights to broadcast "*Star Power*": *Floyd Mayweather, Jr. v. Victor Ortiz, WBO Welterweight Championship Fight Program* ("Program") nationwide on September 17, 2011. The Program included the main fight between Floyd Mayweather, Jr. and Victor Ortiz, as well as undercard bouts

1  (preliminary bouts which take place before the main fight), color commentary, and televised
2  replay.  Plaintiff granted limited sub-licenses to commercial establishments in California and
3  the rest of the United States to publicly exhibit the Program for their patrons to view.  The
4  transmission of the Program was encrypted and made available only to commercial
5  establishments that paid Plaintiff the requisite license fees to exhibit the Program.

6        On Saturday, September 17, 2011, investigator Veronica Porras observed the
7  exhibition of the Program at Birdland Jazz Club, which had not purchased a license to exhibit
8  the Program.  Porras Aff. 1.  Porras reported she paid a $10 cover charge to enter the
9  Birdland Jazz and BBQ.  *Id*.  Porras observed that Defendant's establishment was a small
10 club with birdhouses mounted on the wall and witnessed the Program displayed on a large
11 projection screen located against the rear wall of the building.  *Id*.  Porras did not observe any
12 advertisement for the airing of the Program nor price premium information for food and
13 drink.  *Id*.  Porras observed that Defendant's establishment did not have a bar.  *Id*.  Porras
14 estimated that Defendant's establishment had a capacity of 40 persons.  *Id*. at 2.  Porras took
15 head counts during her time in the establishment and counted between fifteen and twenty
16 persons present.  *Id*.

17       Plaintiff filed suit on September 13, 2012, alleging violation of 47 U.S.C. §§ 533 and
18 605, common-law conversion, and violation of California Business and Professions Code §
19 172000.  Defendant was personally served on November 17, 2012.  Defendant did not
20 respond, and default was entered on December 26, 2012.  Plaintiff moved for default
21 judgment on December 28, 2012, and seeks damages under 47 U.S.C. § 605 and for
22 conversion.

23

24 **LEGAL STANDARD**

25       "When a party against whom a judgment for affirmative relief is sought has failed to
26 plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must
27 enter the party's default."  Fed. R. Civ. P. 55(a).  A default judgment may be entered upon
28 application to the court.  Fed. R. Civ. P. 55(b)(2).  At the default judgment stage, well-

pleaded factual allegations are deemed to have been admitted and are sufficient to establish a defendant's liability, but allegations in the complaint relating to damages are not assumed to be true. *Geddes v. United Financial Group*, 559 F.2d 577, 560 (9th Cir. 1977). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## DISCUSSION

Plaintiff requests a judgment in its favor in the amount of $110,000.00 under 47 U.S.C. §§ 605(e)(3)(B)(iii) and (c)(ii) and $2,200 for tortious conversion. Plaintiff also requests an award of costs and attorney's fees. The Court addresses each request in turn.

### I. Claims Under 47 U.S.C. §§ 553 and 605

Plaintiff's complaint seeks damages under 47 U.S.C. §§ 553 and 605. In contrast, Plaintiff's application for default judgment and memorandum in support selects to request damages under 47 U.S.C. § 605 and not § 553. Section 605 prohibits the unauthorized interception of radio or satellite transmissions, whereas § 553 prohibits the unauthorized interception of signals over a cable system. Plaintiff does not specifically allege or submit evidence of the manner in which Defendant intercepted the Program, by either satellite dish or by cable box, but it is unlikely to have been both. *See J & J Sports Prods., Inc. v. Guzman*, No. C08-5469 MHP, 2009 WL 1034218, at *2 (N.D. Cal. Apr. 16, 2009) (finding it unlikely a perpetrator would commit double piracy by using both a cable box and a satellite dish to broadcast a single simultaneous program). Courts in this district have held that when the method of interception is not alleged, damages are more appropriately analyzed under § 553 because a cable box is more easily hidden. *Id.*; *J & J Sports Prods., Inc. v. Parayno*, No. C12-01704 PJH, 2012 WL 7159720, at *4 (N.D. Cal. Nov. 15, 2012); *J & J Sports Prods., Inc. v. Concepcion*, No. C10-5092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. Jun. 7, 2011); *J & J Sports Prods., Inc. v. Juanillo*, No. C10-1801 WHA, 2010 WL 5059539, at *2 (N.D. Cal. Dec. 6, 2010); *J & J Sports Prods., Inc. v. Man Thi Doan*, No. C08-0324 RMV, 2008

WL 4911223, at *3 (N.D. Cal. Nov. 13, 2008).  Accordingly, damages will be awarded under 47 U.S.C. § 553 only.

For a single violation of § 553 at issue in this case, Plaintiff is entitled to damages of not less than $250 but not more than $10,000.  47 U.S.C. § 553(c)(3)(A)(ii).  The Court has discretion to award the amount it "considers just."  *Id.*  The Court may also "increase the award of damages, whether actual or statutory," by up to $50,000 if it finds the conduct was "committed willfully and for purposes of commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).  Various factors are considered in determining an amount of damages including "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on claimant."  *Concepcion*, 2011 WL 2220101, at *4.  Repeat offenses by a defendant are also considered.  *J & J Sports Prods., Inc., v. Canedo*, No. C09-1488 PJH, 2009 WL 4572740, at *8 (N.D. Cal. Dec. 1, 2009).  Plaintiff requests an award of maximum statutory damages and maximum statutory enhancement.

Here, the facts do not support an award of maximum statutory damages nor maximum enhancement.  There is evidence that Defendant used a $10 cover charge to enter the establishment on the night of the Program exhibition.  The Program was displayed in a small club, on one large projection screen, and approximately 20 people were present.  No evidence was submitted as to whether anyone else paid a cover charge or whether there was evidence of advertising to lure patrons to watch the Program.  *Compare generally Entertainment By J & J, Inc. v. Montecinos, et al.*, No. C01-4242 MMC, 2002 WL 1735384 (N.D. Cal. July 25, 2002) (damages enhanced where defendants stood outside establishment recruiting people to come in and watch the telecast and charged those persons entering a cover charge).  Nor is there evidence whether the Program was the only exhibition or entertainment at the Birdland Jazz Club that night.  Plaintiff submitted evidence that Defendant's establishment did not have a bar, but did not submit any evidence as to whether food and drinks were sold and if the price of food or drink was raised for the occasion.  There is evidence of two previous default judgments against Defendant for similar conduct, and "a

4

higher statutory award may be justified in cases where defendants are repeat offenders who have pirated similar Programs on previous occasions, and who need an especially severe financial deterrent." *Entertainment by J & J, Inc. v. Perez*, No. C99-4261 TEH, 2000 WL 890819, at *2 (N.D. Cal. June 30, 2000).

Plaintiff argues that maximum enhanced damages for willful conduct are appropriate in this case because Defendant's "actions are per se intentional and do not and cannot occur without the willful and intentional modification of electronic equipment." Gagliardi Aff. ¶ 13. However, if a mere violation of the statute were "per se willful, then there would be no difference between statutory damages and any willful enhancement." *Guzman*, 2009 WL 1034218, at *3. Furthermore, this Court has held previously that the mere assertion that a defendant acted willfully is insufficient to justify enhanced damages. *Kingsvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp 1196, 1198 (N.D. Cal. 2000).

In light of the above, the Court concludes that the award of statutory damages in the amount of $2,000 is just under 47 U.S.C. § 553. Accordingly, the Court awards $2,000 under 47 U.S.C. § 553 and declines to award enhanced damages. Combined with the conversion award addressed below, total damages constitute a severe fine for Defendant's establishment.

## II. Conversion

Plaintiff purchased the licensing rights to the Program and Defendant did not enter into a sub-licensing agreement with Plaintiff to air the Program. Plaintiff seeks damages for conversion in the amount of $2,200, which is what Defendant would have had to pay for the license to exhibit the Program. Gagliardi Aff. ¶ 8 & Ex. 1. "The detriment caused by the wrongful conversion of personal property is presumed to be... the value of the property at the time of conversion..." Cal. Civ. Code § 3336. Accordingly, this Court awards $2,200 in damages for conversion.

## III. Attorney's Fees

5

Reasonable attorney's fees and costs may be awarded under 47 U.S.C. § 553(c)(2)(C). However, Plaintiff has made no request for a specific amount, nor has counsel submitted any documentation of costs, expenses, fees, or rates. Because the record provides no basis for determining a reasonable award, this Court denies Plaintiff's request for costs and attorney's fees without prejudice.

**CONCLUSION**

Based on all of the above, Plaintiff's motion for default judgment is GRANTED IN PART. Judgment shall be entered in favor of Plaintiff in the amount of $4,200 against Defendant. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 3/11/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT